IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SERHIY FEDOR : CIVIL ACTION
: NO. 10-5110
v. :
:
VAN NOTE-HARVEY :
ASSOCIATES, et al. :
:

O'NEILL, J.                                                                            March 18, 2010

**MEMORANDUM**

Plaintiff Serhiy Fedor, a roofer, was injured on November 12, 2008 when he slipped and fell off of a roof at Yardley Commons. He asserts that at the time of his fall he had "noticed a woman on the ground and he saw an item about to fall onto her, and he fell as he was attempting to reach out to protect the woman from harm by a falling object." Compl. ¶ 14. Plaintiff alleges that defendants, including the building owner and property manager, Yardley Commons and Wentworth Property Management Corp.,[1] "failed to provide adequate protection for bystanders from items falling off the roof." Id. ¶ 14. He also alleges that defendants, including Yardley and Wentworth, "failed to provide adequate safety gear, lanyards, fall protection equipment, and scaffolding . . . " and "adequate safety training, instruction, and supervision . . . ." Id. ¶¶ 13-14. Plaintiff further alleges that Yardley and Wentworth "owned, possessed, leased and controlled the property where the accident occurred . . . ." and that Yardley and Wentworth "had a duty to inspect and supervise their property to locate discoverable hazards and to warn Plaintiff of existing dangerous conditions, including the lack of scaffolding, lanyards, and other safety

---

[1] Plaintiff's complaint also names the following defendants: Van-Note Harvey Associates, P.C.; Wespol Construction Inc.; Wespol Construction and Metal Distributors, LLC; Richard Walter Gauck, P.E.

equipment at the worksite." Id. ¶¶ 35, 37. Plaintiff also claims that defendants, including Yardley and Wentworth, "knowingly and intentionally hired incompetent, unqualified, and unlicensed subcontractors including RIGA Construction," "hired incompetent contractors as general contractors and/or subcontractors in breach of their duty to hire competent ones" and that Yardley and Wentworth "knew or should have known of the incompetence of the general contractor and subcontractors hired by them to perform work on their property and their failure to provide safety equipment or to ensure safety equipment was provided by subcontractors in accordance with OSHA regulations, state and local regulations and construction industry standards." Compl. ¶¶ 23, 27(g), 38.

Yardley and Wentworth now move to dismiss plaintiff's claims against them, arguing that they had no duty to protect employees of the independent contractors hired to hired to work on the roof at Yardley Commons. For the reasons that follow, I will grant the motion to dismiss.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted). The complaint must state "'enough facts to raise a reasonable expectation that

discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Twombly, 550 U.S. at 556. The Court of Appeals has recently made clear that after Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1955, 173 L. Ed. 2d 868 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.' To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 129 S. Ct. at 1949. The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal: "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-11, quoting Iqbal, 129 S. Ct. at 1950 . The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) . "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" Iqbal, 129 S. Ct. at 1949.

DISCUSSION

As a general rule, employers of independent contractors in Pennsylvania are not liable for the negligence of the contractor. Restatement (Second) of Torts § 409; Hader v. Coplay Cement

Co., 189 A.2d 271, 277 (Pa. 1963); Ortiz v. Ra-El Dev. Corp., 528 A.2d 1355 (Pa. Super. Ct. 1987). Pennsylvania "law generally insulates property owners from liability for the negligence of independent contractors and places responsibility for the protection of the contractor's employees on the contractor and the employees themselves." Chenot v. A.P. Green Services, Inc., 895 A.2d 55, 64 (Pa. Super. Ct. 2006.). The general rule "recognize[s] that the owner who has entrusted the responsibility for the work to a qualified contractor justifiably depends upon the contractor's expertise. The owner relinquishes control to the contractor and should not be held liable for harm resulting from unforeseen risks arising from the ordinary negligence of the contractor." Mentzer v. Ognibene, 597 A.2d 604, 610 (Pa. Super. Ct. 1991).

Plaintiff argues that the allegations in his complaint are sufficient to establish that Yardley and Wentworth may be found liable for his injuries under certain exceptions to the general rule.

## I. Peculiar Risk

An exception to the general rule exists "where the work to be performed by the independent contractor involves special danger or peculiar risk." Ortiz, 528 A.2d at 1357.[2] A special danger or peculiar risk exists where: "a reasonable employer of a contractor would foresee the risk at the time the contract was executed and would recognize the need to take special measures [and where] 'the risk is different from the usual and ordinary risk associated with the general type of work done.'" Best Prods. Co., Inc. v. A.F. Callan and Co., Inc., No. 90-

---

[2] "The determination of whether a particular case presents a peculiar risk or special danger is a mixed question of law and fact and may, in clear cases, be made by the trial judge as a matter of law." Mentzer v. Ognibene, 597 A.2d 604, 610 n.6 (Pa. Super. Ct. 1991) (citations omitted).

5329, 1997 WL 83737 (E.D. Pa. Feb. 26, 1997), quoting Ortiz, 528 A.2d at 1358. Plaintiff argues that he has alleged facts sufficient to warrant application of the doctrine of peculiar risk against Wentworth and Yardley. I disagree.

"All construction work involves a risk of some harm; only where the work is done under unusually dangerous circumstances does it involve a 'special danger' or 'peculiar risk.'" Ortiz, 528 A.2d at 1359. Accordingly, courts have declined to apply the peculiar risk doctrine where an

> employee was performing routine construction work without the proper safety precautions when he injured himself. . . . [F]or the doctrine to apply, the employee must have been performing work that entailed risks different from the ordinary risks associated with the employee's usual work. Violations of safety conditions – whether by the employee or his employer, the contractor – are not a basis for invoking the doctrine.

Warnick v. Home Depot U.S.A., Inc., 516 F. Supp. 2d 459, 469-70 (E.D. Pa. 2007). "[T]he activity itself must be of increased risk; the manner in which the worker engages in that activity is not relevant." Id. at 470; see also Mentzer v. Ognibene, 597 A.2d 604, 610 (Pa. Super. Ct. 1991) (plurality), alloc. den., 609 A.2d 168 (Pa. 1992) ("The risk of harm must arise from the peculiar or inherent nature of the task or the manner of performance, and not the ordinary negligence which might attend the performance of any task.").

Plaintiff's allegations do not suggest that the work he was performing at the time of his fall was unusually risky – he was on the roof for a roof repair project. It is not unexpected that a roofer might reach for an item rolling off of a roof to keep it from falling to the ground below. What allegedly made plaintiff's endeavor risky was defendants' failure "to provide adequate safety gear, lanyards, fall protection equipment, and scaffolding" and "adequate safety training, instruction and supervision . . . ." Compl. ¶¶ 12, 13. Plaintiff's allegations establish only that

this is "a classic example of collateral negligence by the contractor which [Wentworth and Yardley] did not and should not foresee and for which [they are] not responsible." Mentzer, 597 A.2d at 611. Similarly, when a roofer fell through a roof deck in Best Products Company, Inc., 1997 WL 83737, at *11, the court held that although the defendant property owner "had reason to be aware of the risk of a deteriorating roof and to anticipate the need for special precautions . . . the risk of danger involved can not be said to have been unexpected or out of the ordinary for a roofing contractor." See also Edwards v. Franklin & Marshall Coll., 663 A.2d 187, 191 (Pa. Super. Ct. 1995) (holding that plaintiff could not establish that the risk was a peculiar risk where the danger of falling from or through an old and deteriorating roof was apparent).

## II. Retained Control

A second exception to the general rule of employer nonliability exists where a "property owner hirer of the independent contractor retain[s] sufficient control of the work to be legally responsible for the harm to plaintiff." See Beil v. Telesis Constr. Inc., 11 A.3d 456, 466 (Pa. 2011). Plaintiff argues that "much is not known about" the extent of control exercised by Wentworth, Yardley and the other defendants over the work at Yardley Commons. Pl.'s Br. at 8. However, the allegations in plaintiff's complaint must set out "sufficient factual matter" to withstand Yardley and Wentworth's motion to dismiss. Iqbal, 129 S. Ct. at 1949. To demonstrate sufficient control to warrant application of the exception, "a plaintiff may point to contractual provisions giving the premises owner control over the manner, method and operative details of the work" or "may demonstrate that the landowner exercised actual control over the work." Beil, 11 A.3d at 467. Plaintiff's complaint alleges only that Wentworth and Yardley "controlled the property where the accident occurred," compl. ¶ 35. His complaint does not

allege any facts to suggest how Wentworth or Yardley retained control over the roofing project. Without more, plaintiff fails to state "enough facts to raise a reasonable expectation that discovery will reveal evidence" that Wentworth and Yardley should be held liable pursuant to the retained control exception. Twombly, 550 U.S. at 555; see, e.g., Zuno v. Wal-Mart Stores, Inc., No. 06-2392, 2009 WL 1545258, at *9 (E.D. Pa. May 29, 2009) (declining to find liability under retained control exception where defendant's "employees did not give any instruction to [the contractor] or its employees as to the manner of doing the actual roofing work [the contractor] was hired to do"); Beil, 11 A.3d at 468 ("a property owner retaining a certain degree of authority over safety issues, such as supervising and enforcing safety requirements, and even imposing its own safety requirements at a work site, does not constitute control for purposes of imposing liability").

### III. Negligent Hiring

Finally, plaintiff's negligent hiring allegations against Wentworth and Yardley do not establish the applicability of an exception to the general rule of employer nonliability. Section 411 of the Restatement (Second) of Torts provides that "[a]n employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or (b) to perform any duty which the employer owes to third persons." Rest. (Second) Torts § 411. However, in Pennsylvania, it has been held that "the scope of section 411 is properly limited to claims by third persons other than employees of the negligent independent contractor itself." Mentzer, 597 A.2d at 609; see also Holbrook v. Woodham, No. 3:05-304, 2008 WL 4425606, at *12 (W.D. Pa. Sep. 30, 2008) (same).

## IV. Conclusion

Because plaintiff's allegations do not establish an exception to the general rule that employers of independent contractors in Pennsylvania are not liable for the negligence of the contractor, I will grant Wentworth and Yardley's motion to dismiss.

An appropriate Order follows.