IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SERHIY FEDOR | : | CIVIL ACTION |
| | : | NO. 09-4932 |
| v. | : | |
| | : | |
| VAN NOTE-HARVEY | : | |
| ASSOCIATES, et al. | : | |
| | : | |

## **MEMORANDUM AND ORDER**

Now before me are a motion to dismiss filed by defendant Wespol Construction and Metal Distributors, LLC and a motion to dismiss filed by defendants Van-Note Harvey Associates and Richard Walter Gauck, P.E., both of which seek dismissal of plaintiff Serhiy Fedor's claims for punitive damages. To survive defendants' motions to dismiss his punitive damages claims, plaintiff must allege "'enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Wilkerson v. New Media Tech. Charter School Inc., 522 F.3d 315, 321 (3d Cir. 2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). "[C]onclusory or 'bare-bones' allegations will [not] survive a motion to dismisss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009).

Under Pennsylvania law, an award of punitive damages is justified only where the plaintiff has established that the defendant acted "in an outrageous fashion due to either the defendant's evil motive or his reckless indifference to the rights of others." Phillips v. Cricket Lighters, 883 A.2d 439, 445-46 (Pa. 2005); see also Boring v. Google Inc., 362 Fed. App'x 273, 282 (3d Cir. 2010), citing Feld v. Merriam, 485 A.2d 742, 747-48 (Pa. 1984) ("Pennsylvania law

provides that a defendant must have engaged in 'outrageous' or intentional, reckless or 'malicious' conduct to sustain a claim for punitive damages."); Hutchinson v. Lundy, 582 Pa. 114, 121, 870 A.2d 766, 770 (Pa. 2005). (internal citation omitted) ("[P]unitive damages are appropriate for torts sounding in negligence when the conduct goes beyond mere negligence and into the realm of behavior which is willful, malicious, or so careless as to indicate wanton disregard for the rights of the parties injured."). "Ordinary negligence, involving inadvertence, mistake or error of judgement will not support an award of punitive damages." Hutchinson v. Penske Truck Leasing Co., 876 A.2d 978, 983-84 (Pa. Super. Ct. 2005). A punitive damages claim "must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) he acted, or failed to act, as the case may be, in conscious disregard of that risk." Hutchison v. Luddy, 870 A.2d 766, 772 (Pa. 2005), citing Martin v. Johns Manville Corp., 494 A.2d 1088, 1087-98 (Pa. 1985).

Plaintiff, a roofer who was injured when he slipped and fell off of a roof, alleges that defendants, including Wespol Construction and Metal Distributors, LLC, Van-Note Harvey and Gauck, "failed to provide adequate safety gear, lanyards, fall protection equipment and scaffolding . . . ," "failed to provide adequate safety training, instruction and supervision . . . ," and "failed to provide adequate protection for bystanders from items falling off the roof . . . ." Compl. ¶¶ 12, 13, 14. Plaintiff further alleges that defendants "knowingly and intentionally hired incompetent, unqualified, and unlicensed subcontractors . . . and permitted them to perform work in an excessively dangerous manner when they knew o[r] should have known that serious injury or death was likely to result." Id. at ¶ 23. Plaintiff also claims that defendants VanNote-Harvey and Gauck "failed to obtain all appropriate licenses and building permits . . . ." Id. at ¶ 45.

Finally, plaintiff claims that defendants' conduct "was outrageous in that it was malicious, wanton, willful, oppressive and/or showed a reckless indifference to the interests, lives, and safety of others . . . ." Id. at ¶ 61.

Other than the broad and conclusory allegation that defendants' conduct "was outrageous in that it was malicious, wanton, willful, oppressive and/or showed a reckless indifference to the interests, lives, and safety of others . . . ," id. at ¶ 61, plaintiff's complaint contains no specific allegations that would support his claim for punitive damages. His remaining allegations lack sufficient factual detail to demonstrate that any of defendants' actions were outrageous or reckless. Defendants' alleged failure to provide safety measures and training may indicate negligence but are not enough on their own to demonstrate a willful disregard of plaintiff's rights. See Allegrino v. Conway E & S, Inc., No. 09-1507, 2010 WL 3943939, at *11, (W.D. Pa. Oct. 6, 2010) (internal quotation omitted) (finding plaintiff's claim for punitive damages was insufficient under Iqbal and Twombly where plaintiff "pled in a conclusory fashion that [defendant] intentionally misled Plaintiff with an evil intent and motive to defeat Plaintiff's Claim"). Accordingly, I will grant defendants' motions to dismiss plaintiff's claims for punitive damages.[1]

AND NOW, this 18th day of March, 2011, upon consideration of the Motion to dismiss of defendants Wespol Construction and Metal Distributors, LLC and the Motion to Dismiss of defendants Van-Note Harvey Associates and Richard Walter Gauck, P.E., and all responses

---

[1] Because it may not be futile to permit plaintiff to amend his claims for punitive damages against moving defendants, I will grant him leave to amend those claims. See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000).

thereto, it is ORDERED that the motions are GRANTED and plaintiff's punitive damages claims against defendants Wespol Construction and Metal Distributors, LLC, Van-Note Harvey Associates and Richard Walter Gauck, P.E. are DISMISSED without prejudice. Plaintiff may file an amended complaint alleging facts sufficient to state punitive damages claims against defendants Wespol Construction and Metal Distributors, LLC, Van-Note Harvey Associates and Richard Walter Gauck, P.E. within 21 days from the date of this Order.

                                       *s/Thomas N. O'Neill, Jr.*
                                       THOMAS N. O'NEILL, JR., J.